**NORTHWESTERN CASUALTY & SURETY CO v FIRST AMERICAN REALTY CO**

Ohio Appeals, 3rd Dist, Allen Co

No 600. Decided Jan 18, 1933

Melvin C. Light, Lima, Frazier, Hiett, Wall and Effler, Toledo, for plaintiff in error.

Clarence H. Klinger, Lima, and Benjamin Motter, Lima, for defendant in erorr.

CROW, J.

Two fundamental questions are presented under various topical headings, in the briefs of plaintiff in error, for reversal of the judgment, setting forth the assignments of error.

1. That upon the law of the case under any view of the facts, the judgment should have been for the surety company, which is the sole plaintiff in error.

2. Procedural error, and that the recovery includes items not sustainable because not within the terms of the contract or not sustained by sufficient evidence.

The contract provided that changes might be made upon the written direction of the owner. Numerous changes were made in the character of the materials used, and in the omission of structures and other items provided for in the drawings and specifications, the net result of which changes, all the evidence tends to show, worked a reduction of the cost of the completion of the building by many thousand dollars.

Only one of these changes was in writing, but such a situation makes applicable, the principle applied in 107 **Oh St 51.**

To the complaint that the surety company was not afforded the opportunity to take upon itself, the contractor's obligations, it is enough to say, in addition to what we have already stated concerning the giving of the notice within the thirty-day period prescribed, that if the owner should have given notice within a reasonable time notwithstanding the provision for a thirty-day period, this court must conclusively presume that the trial court found the notice to have been reasonable, under the circumstances shown by the evidence touching the condition of the building and the general environment.

Another of the reasons for non-liability, namely, that the owner did not retain percentages of amounts due the contractor as he was paid pursuant to the statements furnished by him to the owner, is not sustainable because that portion of the contract, which portion was within the specifications, are shown to have been excluded therefrom by the word indorsed thereon, "out" which fact was abundantly established by testimony, and must be presumed to have been so found by the trial court.

The point is stressed that the court erred in the admission of evidence in proof of parol understanding between the owner and the contractor pertaining to the plumbing, heating and electrical construction which resulted in the contractor's relief against the cost thereof, down to $13,000.00, the extent of such relief being approximately $4,500.00.

To an understanding of the decision of this point, it is necessary to note that in substance the contract provided for the restoration of the building which when the fire occurred contained the requisite heating, plumbing and electrical instrumentalities, and particularly stipulated that "The contractor shall be responsible for the general management of the building operation and shall have full authority over the execution of any and all separate contracts," which stipulation was additional to provisions empowering the contractor to sublet portions of the work which subletting should be approved by the owner.

The specifications contain this provision: "Except as otherwise specified herein, heating, plumbing and electrical work, will be installed under separate contract."

The owner let the contract for the plumbing, heating and electrical work to others, and not to the contractor, and .there was included in a check drawn in payment to the contractor, his commission of ten per cent on the contract for those items, which check was later supplanted by another check from which the commission was deducted.

In view of the situation arising from the uncertainty which might be properly argued to exist in relation to those three items, and of the conduct of the parties, the testimony was admissible for the purpose of construction of this contract and it cannot be said that the conclusion which this court must presume the trial court arrived at in relation thereto, is not sustained by any evidence or is against the weight of the evidence. The end of that affair was to the advantage of the contractor and therefore to the surety, and also falls within the doctrine of the case we have already cited.

Moreover, the evidence was admissible under the rule which makes pertinent to any question of uncertainty in the construction of the contract, the conduct of the parties, as evincing their own understanding of what the uncertain provision meant.

To the suggestion that at the time the contractor abandoned the work, unpaid items for materials and labor might have been outstanding for which the owner and the surety company may have been liable, there is a complete answer that by the direct examination of the contractor, at page 375 of the bill of exceptions, counsel for the contractor brought out that there were no unpaid valid items for materials or labor.

Confining our consideration to only the errors specified in the briefs, pursuant to §12248, GC, we find no reversible error, and therefore affirm the judgment, but without penalty.

KINDER and RICHARDS, JJ, the latter of the Sixth District, sitting in place of KLINGER, J, concur.